# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK WADDELL COOPER,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br>LEGISLATIVE DEPARTMENT,<br>MEMBERS OF CONGRESS<br><br>    Defendants.<br>_____ | 1:13-cv-00487 AWI GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING THE LEGAL SUFFICIENCY OF PLAINTIFF'S COMPLAINT**<br><br>(Document 1) |

## INTRODUCTION

Plaintiff Derrick Cooper ("Plaintiff"), appearing *pro se* and proceeding *in forma pauperis*, filed the instant complaint on April 4, 2013, against Defendants the United States of America, its "Legislative Department," and all Members of Congress ("Defendants"). (Doc. 1).

For the reasons detailed below, the Court recommends that the complaint be dismissed without leave to amend.

///
///
///

1

**DISCUSSION**

**A.     Screening Standard**

Pursuant to 28 U.S.C. § 1915(e), the Court must conduct an initial review of Plaintiff's complaint for legal sufficiency.  The Court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious;" "fails to state a claim upon which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  If a complaint fails to state a valid claim, the Court may grant leave to amend to the extent that the deficiencies are curable by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Court reviews complaints for legal sufficiency in accordance with the plausibility standard adopted by the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Under *Iqbal* and *Twombly's* plausibility standard, a complaint—when its well-pleaded allegations are taken as true—must contain sufficient facts to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570.

The Court notes that the pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*). Accordingly, *pro se* pleadings are construed liberally, with plaintiffs afforded the benefit of any doubt. *Id.*

**B.     Plaintiff's Allegations**

In general, the complaint, which is unintelligible in parts, alleges that Capitalism is a detrimental social and economic force, and Defendants should be enjoined to abolish and replace it with a superior system.  Plaintiff requests "permission to assist" Defendants "in overseeing the development" of a "more perfect economic union," and seeks declarative and injunctive relief to achieve it, including, *inter alia*:

1. A declarative judgment establishing that "Capitalism is a Detrimental Economic Enemy to the people of America," and should be abolished; and

2. Injunctions requiring Defendants to take all "paper and coin currency . . . out of circulation;" establish a "Unified Law of Ethics" for all Americans; create an economic system that employs all Americans; set a uniform wage for all Americans; limit weekly working hours to a range of fifteen to thirty-five hours; impose mandatory retirement for all workers between fifty-five and sixty-five years of age; bring all businesses under the "sole ownership of American Citizens;" establish mandatory educational courses for all Americans; and institute free health care for all.

(Doc. 1).

### C.      All Defendants are Immune from Suit

Plaintiff has brought this action against the United States, its "Legislative Department" and Members of Congress. The Court presumes that by "Legislative Department," Plaintiff means Congress.

Sovereign immunity bars lawsuits against the United States unless Congress has specifically waived that immunity. Jurisdiction over the United States lies only when both a clear waiver of sovereign immunity exists and the claim at issue "fall[s] within the terms of the waiver" *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Sovereign immunity also protects the United States Congress when it is sued as a branch of the United States government. *See, e.g., Keener v. Cong. of U. S.*, 467 F.2d 952, 953 (5th Cir. 1972); *Lock v. United States* 2003 WL 21152879 (D. Utah Mar. 27, 2003); *Johnson v. Congress*, 1992 WL 6429 (E.D. Pa. Jan. 10, 1992).

Individual Members of Congress, futhermore, are immune from suit under the Speech or Debate Clause of the United States Constitution, for conduct that falls within the sphere of

legitimate legislative activity. U.S. Const., Art. I, § 6, cl. 1; *also see, e.g., Doe v. McMillan*, 412 U.S. 306, 311(1973) (the Speech or Debate Clause "protects Members [of Congress] against prosecutions that directly impinge upon or threaten the legislative process"). The Speech or Debate Clause provides that "for any Speech or Debate in either House, they [Members of Congress] shall not be questioned in any other Place." U.S. Const. Art. I, § 6, cl. 1. The Clause aims to protect "the integrity of the legislative process by insuring the independence of individual legislators." *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 501 (1975). The Supreme Court has made clear in numerous cases that under the Clause, Members of Congress have absolute immunity for all matters that fall within the "sphere of legitimate legislative activity." *Gravel v. U.S.*, 408 U.S. 606, 625 (1972); *Eastland*, 421 U.S. at 501. Members of Congress, therefore, are immunized from the claims alleged in the instant complaint, because these claims concern Congress' legislative functions.

In sum, since all Defendants in the instant action are immune from suit, and because the instant complaint is legally frivolous, it must therefore be dismissed under 28 U.S.C. § 1915(e)(2).[1] Leave to amend the complaint should therefore not be granted as its deficiencies cannot be cured by the allegation of additional facts.

## RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28, United States Code, § 636(b)(1). Plaintiff may file written objections with this Court within thirty (30) days of service of these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

---

[1] The complaint must also be dismissed because "no cause of action lies to compel Congress to exercise its discretion to legislate on a purely political question." *Keener v. Cong. of U. S.*, 467 F.2d 952, 953 (5th Cir. 1972).

specified time may result in waiver of the right to appeal the District Court's forthcoming order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **August 2, 2013**                         /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE